[No. 10776.   Department One.   February 24, 1913.]

AUGUST PETERSON, *Appellant*, v. GRANT SMITH *et al.*,
*Respondents.*[1]

APPEAL—REVIEW—PRESUMPTIONS. It will be presumed that a trial
on the merits was on the issues made by the pleadings.

ACCORD AND SATISFACTION—EVIDENCE. Where defendants agreed
that, if plaintiff took over a certain contract and sustained a loss,
they would in any event pay him $150 a month, the acceptance of a
sum of money in payment of the salary "in full for all work on
north trunk sewer to date," implies that there was a loss, and con-
stitutes a complete accord and satisfaction; since plaintiff was not
entitled to recover both on the contract and his salary in case of loss.

Appeal from a judgment of the superior court for King
county, Main, J., entered May 4, 1912, upon findings in
favor of the defendants, in an action on contract, after a
trial on the merits to the court.  Affirmed.

*James Kiefer*, for appellant.

*Fred W. Dricken* and *Randolph E. Hilbert*, for respond-
ents.

CHADWICK, J.—Suit upon contract.  Defense, an accord
and satisfaction.  From a judgment in favor of defendants,
plaintiff has appealed, relying upon the principle laid down
in *Seattle, Renton & Southern R. Co. v. Seattle-Tacoma
Power Co.*, 63 Wash. 639, 116 Pac. 289.  It is there held
that, where there are several items of account, the payment
of a liquidated and agreed item does not satisfy an unliqui-
dated item or debt, upon the theory that there is nothing left
to operate as a consideration for the accord and satisfaction.
To sustain his contention, plaintiff, in his brief as well as
in the bill of exceptions, undertakes to make it clear that
plaintiff had three separate contracts with the defendants;

[1]Reported in 130 Pac. 338.

that only one of them is or could be affected by the accord and satisfaction. Notwithstanding the witnesses have been made to speak of three contracts in the bill of exceptions, we think the case when viewed in the light of the pleadings will not bear that construction.

Plaintiff sets out a contract to do certain work, and as a part of the same cause of action says: "In addition thereto, the plaintiff performed the following work not embraced in his aforesaid contract." He then sets out four items of work and service which, he says, were made necessary in the proper execution of his contract. These items were denied and were properly treated as issuable under the pleadings, the obvious question being whether they were a part of the main contract. We must presume that the court tried the case upon the issues made by the pleadings, and so presuming, we find that there was an accord and satisfaction of all differences existing between the parties.

The amount alleged to have been paid in accord and satisfaction of all claims existing between the parties was the sum of $550.80. The payment is evidenced by receipt saying that it is "in full for all work on north trunk sewer to date." Although the bill of exceptions is not complete upon this point, there is enough in the pleadings and briefs to warrant us in saying that this sum was given in payment of a monthly salary, and was provided as a part of the original contract between the plaintiff and the defendants. The defendants alleged that it was agreed that, if plaintiff took over a certain contract and made a loss thereon, they would in any event pay him $150 per month. Looking at the case in this light, the money paid would not be, as plaintiff now contends, a liquidated sum; it would only be due in case of a loss, and the acceptance of it would not bring plaintiff within the rule he relies upon. He is entitled either to a recovery upon his contract, or his salary in case of a loss. He was not entitled to a salary in any event. He has accepted his salary, and such

acceptance implies the truth of the allegations contained in the answer of the defendants that there was a loss upon his contract.

Judgment affirmed.

CROW, C. J., GOSE, PARKER, and MOUNT, JJ., concur.